UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANDREW J. KASINSKI,

                                    Plaintiff,

                                                        **Hon. Hugh B. Scott**

                    v.

                                                        05CV840A

                                                        **Report
                                                        &
                                                        Recommendation**

JO ANNE BARNHART, Commissioner of
Social Security,

                                    Defendant.


        This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C)

(Docket No. 4).   The instant matter before the Court is plaintiff's motion (Docket No. 5, May 22,

2006) for judgment on the pleadings and defendant Commissioner's opposing motion for similar

relief (Docket No. 7, May 22, 2006).   The Court issued a briefing schedule for the parties'

motions, with defendant Commissioner's motion (which was not filed when this Order was

entered) due by July 24, 2006, responses to motions by August 25, 2006, and oral argument

scheduled for October 30, 2006 (Docket Nos. 10, 11; see Docket No. 6, Order of May 22, 2006).

**BACKGROUND**[1]

This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security (the "Commissioner") that plaintiff returned to engage in substantial gainful activity within twelve months of claiming a disability and thus is not disabled and is not entitled to disability insurance benefits and Supplemental Security Income benefits.

At issue here is when plaintiff's onset date was and whether he was unable to engage in substantial gainful activity due to physical impairments[2] continuously for twelve months. Plaintiff claims that he had onset of his conditions on October 30, 2003 (Docket No. 1, Compl. ¶ 6). Plaintiff argued to the Appeals Council that he left work at Delta Sonic on October 30, 2003, following hernia surgery. He claims that his multiple sclerosis worsened following that operation. (R. 6-8.) He produced his pay records from Delta Sonic, which reveal a gap in his employment with it from October 30, 2003, to January 2, 2004 (R. 12-13). Plaintiff later attempted to return to work at Delta Sonic on December 26, 2003, but leaving the job on January 9, 2004, due to the severity of his multiple sclerosis symptoms (Docket No. 5, Pl. Memo. of Law at fifth unnumbered page; see R. 8, 13).

During his hearing with the Administrative Law Judge ("ALJ"), plaintiff testified, however, that his onset of disability was January 9, 2004 (see Docket No. 1, Compl., Ex. A, ALJ decision, June 23, 2005, at third unnumbered page; R. 22, 187, 190). On November 11, 2004, plaintiff resumed work at Sam's Club as a greeter (Docket No. 1, Compl., Ex. A, ALJ decision,

---

[1]  References noted as "(R.___)" are to the certified record of the administrative proceedings.

[2]Plaintiff claims that he suffered from multiple sclerosis, fatigue, pain, weakness in the legs and hands, dizziness, and double vision.  Docket No. 1, Compl. ¶ 5.

2

June 23, 2005, at third unnumbered page; R. 22, 189-90).  He later explains that there was some "confusion" about the onset date that arose in and following that hearing (Docket No. 5, Pl. Memo. at fifth unnumbered page).  Plaintiff argued the October 2003 onset date on his appeal to the Appeals Council, which rejected the appeal (id. at fourth unnumbered page) and his onset date claim without comment (Docket No. 1, Compl., Ex. B; R. 3).

The Commissioner filed an Answer (Docket No. 3) and the administrative record.  The Commissioner denies the factual allegations of when plaintiff's onset began and argues that the allegations contained his legal conclusions and characterizations (id. ¶ 4).

At argument, plaintiff contends that this matter should be remanded to the ALJ because he did not make any finding as to plaintiff's onset date or his condition as to when he claims his condition began.

## DISCUSSION

The only issue to be determined by this Court is whether the ALJ's decision that plaintiff was not under a disability is supported by substantial evidence.  See 42 U.S.C. § 405(g); Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir. 1991).  Substantial evidence is defined as "'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept  as adequate to support a conclusion.'"  Richardson v. Perales,  402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. National Labor Relations Bd., 305 U.S. 197, 229 (1938)).

For purposes of both Social Security Insurance and disability insurance benefits, a person is disabled when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than

12 months." 42  U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A) (emphasis added); <u>Barnhart v.</u>

<u>Walton</u>, 535 U.S. 212, 217 (2002).

Plaintiff bears the initial burden of showing that his impairment prevents him from returning to his previous type of employment.  <u>Berry  v. Schweiker</u>, 675 F.2d 464, 467 (2d Cir. 1982).  Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the [plaintiff] could perform."  <u>Id.</u>; <u>see also</u> <u>Dumas v. Schweiker</u>, 712 F.2d  1545, 1551 (2d Cir. 1983); <u>Parker v. Harris</u>, 626 F.2d 225, 231 (2d Cir. 1980).

In order to determine whether plaintiff is suffering from a disability, the ALJ must employ a five-step inquiry, the first step of which is whether the plaintiff is currently working. 20 C.F.R. §§ 404.1520 & 416.920; <u>Berry</u>, <u>supra</u>, 675 F.2d at 467.  If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry (including this first one), the ALJ's review ends.  20 C.F.R. §§ 404.1520(a) & 416.920(a); <u>Musgrave v. Sullivan</u>, 966 F.2d 1371, 1374 (10th Cir. 1992).  However, it should be noted that in the ALJ has an affirmative duty to fully develop the record.  <u>Gold v. Secretary</u>, 463 F.2d 38, 43 (2d Cir. 1972).

Unlike other Social Security cases, this case turns on the threshold issue whether plaintiff was disabled for the requisite twelve-month period to claim benefits, where plaintiff has attempted to work within that period.  Plaintiff argues that his attempted return to work from December 26, 2004, through January 9, 2005, was an unsuccessful work attempt that should not be considered under the Social Security regulation (Docket No. 5, Pl. Memo. at fifth unnumbered page), <u>see</u> 20 C.F.R. § 404.1574(c), Soc. Sec. Ruling 84-25.  He contends that the only argument against recognizing this earlier date is waiver and imposition of such an unprecedented waiver

would be unfair, especially since the ALJ had evidence that the onset was back in October 2003 due to his hernia surgery (Docket No. 5, Pl. Memo. at sixth unnumbered page; R. 6-8, 200).

The Commissioner argues that plaintiff fails to establish this threshold element, since he cannot prove that he did not work for twelve continuous months.  The Commissioner finds that plaintiff's onset was January 9, 2004 (when he was let go from his prior job, R. 190), and he returned to work ten months later on November 11, 2004, pointing out his weekly and monthly wages earned after November 11 (Docket No. 8, Def. Memo. of Law at 6).  The Commissioner denies that the return to work on November 11 was a "trial work period" excluded from the disability analysis (id. at 7), 20 C.F.R. § 404.1592(d)(2)(iii); Walton, supra, 535 U.S. at 223-24. The Commissioner did not comment upon plaintiff's contention that the onset date was in fact back in October 2003.

The Commissioner made no findings as to plaintiff's condition from October 2003 to January 2004.  The matter should be remanded for the Commissioner to make such findings to determine when plaintiff's onset date was.

## <u>CONCLUSION</u>

Based upon the above, it is recommended that the final decision of the Commissioner be **reversed** and the matter **remanded** to the Commissioner.  Plaintiff's motion (Docket No. 5) for judgment on the pleadings be **granted** and defendant's motion (Docket No. 7) for judgment on the pleadings be **denied**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

6

SO ORDERED.

_/s/ Hugh B. Scott_
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
November 14, 2006